UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE R. ZAIZA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. TAMPLEN, et al.,<br><br>　　　　　Defendants. | No. 2:15-cv-0447-KJM-EFB P<br><br>ORDER GRANTING IFP AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint, he has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.   Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.   Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

1

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.    Screening Order**

For the limited purposes of § 1915A screening and liberally construed, the complaint, which is 24 pages, single-spaced, and names over 30 defendants, states the following potentially cognizable claims: (1) Eighth Amendment deliberate indifference to medical needs claims against defendants Robertson and Davis (ECF No. 1, ¶¶ 24-28), Gonzales (*id.* ¶¶ 29-30), Fleming (*id.* ¶¶

2

34-36), and Arana (*id.* ¶¶ 39-42); and (2) First Amendment retaliation claims against defendants Holmes (*id.* ¶ 61) and Shriver (*id.* ¶¶ 76-77, ¶ 83).  However, the remaining allegations are not sufficient to state a proper claim for relief under the applicable standards, discussed below.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).   An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Plaintiff must identify the particular person or persons who violated his rights.  He must also plead facts showing how that particular person was involved in the alleged violation.[1]

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment."  *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002).  In order to establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline.  *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).  In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the

---

[1] Plaintiff's use of Doe defendants is problematic, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), and ultimately unnecessary.  Should plaintiff learn the identities of parties he wishes to serve, he must promptly move pursuant to Rule 15 of the Federal Rules of Civil Procedure to file an amended complaint to add them as defendants.  *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1197-98 (9th Cir. 2003).  If the timing of his amended complaint raises questions as to the statute of limitations, plaintiff must satisfy the requirements of Rule 15(c), which is the controlling procedure for adding defendants whose identities were discovered after commencement of the action.  Additionally, unknown persons cannot be served with process until they are identified by their real names and the court will not investigate the names and identities of unnamed defendants.

amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. *Id.* at 7; *see also id.* at 9-10 ("The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (internal quotation marks and citations omitted)).

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). To show a violation of the Eighth Amendment, plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. *E.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). A mere threat of physical harm is not a constitutional wrong. *See Gaut v Sunn*, 810 F.2d 923, 925 (9th Cir. 1987). Likewise, verbal harassment alone does not violate the Eighth Amendment. *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996).

To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if

4

1 he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing
2 to take reasonable measures to abate it." *Id.* at 847.  A physician need not fail to treat an inmate
3 altogether in order to violate that inmate's Eighth Amendment rights.  *Ortiz v. City of Imperial*,
4 884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition,
5 even if some treatment is prescribed, may constitute deliberate indifference in a particular case.
6 *Id.*

7 It is important to differentiate common law negligence claims of malpractice from claims
8 predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment.
9 In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not
10 support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.
11 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391
12 F.3d 1051, 1057 (9th Cir. 2004).

13 To state a claim for violation of the right to procedural due process, plaintiff must allege
14 facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and
15 (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir.
16 2003).  State regulations may create a liberty interest in avoiding restrictive conditions of
17 confinement if those conditions "present a dramatic departure from the basic conditions of [the
18 inmate's] sentence." *Sandin v. Conner*, 515 U.S. 472, 485 (1995).   In the context of a
19 disciplinary proceeding where a liberty interest is at stake, due process requires that "some
20 evidence" support the disciplinary decision.  *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).
21 The inmate must also receive: "(1) advance written notice of the disciplinary charges; (2) an
22 opportunity, when consistent with institutional safety and correctional goals, to call witnesses and
23 present documentary evidence in his defense; and (3) a written statement by the factfinder of the
24 evidence relied on and the reasons for the disciplinary action." *Id.* at 454 (citing *Wolff v.
25 McDonnell*, 418 U.S. 539, 563-67 (1974).

26 "To state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff must
27 show that he was treated in a manner inconsistent with others similarly situated, and that the
28 defendants acted with an intent or purpose to discriminate against the plaintiff based upon

5

membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (internal quotations omitted).

There are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Thus, plaintiff may not impose liability on a defendant simply because he played a role in processing plaintiff's inmate appeals. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative "grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment. . . . Thus, defendants' failure to process any of Buckley's grievances, without more, is not actionable under section 1983." (internal quotations omitted)).

Prisoners enjoy a First Amendment right to send and receive mail and to petition the government for redress of grievances. *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989); *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996); *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995). However, a prison may adopt regulations that impinge on an inmate's constitutional rights if the regulations are reasonably related to legitimate penological interests. *Turner v. Safley*, 482 U.S. 78, 89 (1987); *Witherow*, 52 F.3d at 265. Regulations impacting outgoing mail must more closely fit their purposes than those impacting incoming mail, but in neither instance must the regulation be the least restrictive means of achieving its purpose. *Thornburgh*, 490 U.S. at 412; *Witherow*, 52 F.3d at 265. Prison officials may open and inspect, but not read, a prisoner's legal mail. *Nordstrom v. Ryan*, 762 F.3d 903 (9th Cir. 2014). "Legal mail" in the context of the First Amendment generally applies to correspondence between a prisoner and his attorney or mail sent from a prisoner to a court. *See Wolff v. McDonnell*, 418 U.S. 539, 575-76 (1974); *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996). An isolated incident of mail interference or tampering is usually insufficient to establish a constitutional violation. *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003); *see also Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999) (temporary delay or

6

isolated incident of delay of mail does not violate a prisoner's First Amendment rights); *Witherow v. Paff*, 52 F.3d 264, 266 (9th Cir. 1995) (per curiam) (First Amendment not violated where prison's mail regulation related to a legitimate penological interest).

Plaintiff fails to properly allege a state tort claim because the complaint does not allege compliance with the California Torts Claims Act (Government Claims Act or "GCA"), which requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity *before* filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added). Timely claim presentation is not merely a procedural requirement of the GCA but is an element of a plaintiff's cause of action. *Shirk v. Vista Unified Sch. Dist.,* 42 Cal. 4th 201, 209 (2007). Thus, when a plaintiff asserts a claim subject to the GCA, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. *Id.* The requirement that a plaintiff asserting claims subject to the GCA must affirmatively allege compliance with the claims filing requirement applies in federal court as well. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988). Thus, any purported state law claims must be dismissed with leave to amend for failure to allege compliance with the GCA.

Thus, plaintiff may either proceed only on the First and Eighth Amendment claims identified above against defendants Robertson, Davis, Gonzales, Fleming, Arana, Holmes, and Shriver, or he may amend his complaint to attempt to cure the deficiencies identified herein. Plaintiff is not obligated to amend his complaint.

Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

/////

7

1    It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

2    Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George*
3    *v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

4    Any amended complaint must be written or typed so that it so that it is complete in itself
5    without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended
6    complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the
7    earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114
8    F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter
9    being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.
10   1967)).

11   The court cautions plaintiff that failure to comply with the Federal Rules of Civil
12   Procedure, this court's Local Rules, or any court order may result in this action being dismissed.
13   *See* Local Rule 110.

14   **IV.   Summary of Order**

15   Accordingly, IT IS HEREBY ORDERED that:

16   1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

17   2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected
18   in accordance with the notice to the California Department of Corrections and
19   Rehabilitation filed concurrently herewith.

20   3. The allegations in the pleading are sufficient at least to state the following
21   potentially cognizable claims: (a) Eighth Amendment deliberate indifference to
22   medical needs claims against defendants Robertson and Davis (ECF No. 1, ¶¶ 24-
23   28), Gonzales (*id.* ¶¶ 29-30), Fleming (*id.* ¶¶ 34-36), and Arana (*id.* ¶¶ 39-42); and
24   (b) First Amendment retaliation claims against defendants Holmes (*id.* ¶ 61) and
25   Shriver (*id.* ¶¶ 76-77, ¶ 83). All other claims and defendants are dismissed with
26   leave to amend within 30 days of service of this order. Plaintiff is not obligated to
27   amend his complaint.

28   /////

4. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the February 26, 2015 complaint (ECF No. 1), seven USM-285 forms and instructions for service of process on defendants Robertson, Davis, Gonzales, Fleming, Arana, Holmes, and Shriver.  Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and eight copies of the endorsed complaint.  The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendants will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure.

5. Failure to comply with this order may result in a recommendation that this action be dismissed.

DATED: May 19, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE R. ZAIZA, | No. 2:15-cv-447-KJM-EFB P |
| Plaintiff, | |
| v. | NOTICE OF SUBMISSION OF DOCUMENTS |
| D. TAMPLEN, et al., | |
| Defendants. | |

Plaintiff hereby submits the following documents in compliance with the court's Screening Order:

  __1__  completed summons form

  __7__  completed forms USM-285

  __8__  copies of the endorsed February 26, 2015 complaint

Dated:                      _____

                             Plaintiff

10