UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE R. ZAIZA,<br><br>Plaintiff,<br><br>v.<br><br>D. TAMPLEN, et al.,<br><br>Defendants. | No. 2:15-cv-0447-KJM-EFB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently before the court are plaintiff's "motion for discovery" (ECF No. 37), defendants' motion to modify the scheduling order (ECF No. 39), defendants' motion for extension of time (ECF No. 43), and plaintiff's motion to appoint counsel (ECF No. 42).

The Federal Rules of Civil Procedure do not contemplate a generalized "motion for discovery" filed with the court. Instead, the Rules provide a process by which parties to a lawsuit may seek information from each other or from third parties. Fed. R. Civ. P. 26-37, 45. If one party fails to engage in that process, her opponent may file a motion with the court to compel such participation. Fed. R. Civ. P. 37. Plaintiff's motion requests photographic and video evidence, but does not indicate that he has submitted these discovery requests to defendants or another party having custody of such evidence. In addition, the deadline for serving such requests expired on September 14, 2018, and plaintiff has neither requested an extension of that deadline

1

nor shown good cause for modification of the scheduling order to do so. ECF Nos. 25, 35. Accordingly, the "motion for discovery" is denied without prejudice. Any request by plaintiff to extend the discovery deadline shall address the good cause standard for such a modification. Additionally, plaintiff's instant request suggests that the discovery he seeks would somehow have relevance to the exhaustion question raised by the defendants but plaintiff does not explain that relevance. Any request by plaintiff to extend the discovery deadline shall explain how the discovery he seeks has relevance to the exhaustion question.

Defendants have filed a motion for summary judgment on the basis of non-exhaustion of administrative remedies. ECF No. 36. They ask that the court modify the scheduling order so that, if the court denies the pending summary judgment motion, they may file a dispositive motion on the merits. A scheduling order may be modified for good cause. Fed. R. Civ. P. 16(b)(4). The court finds that good cause for modifying the schedule is present, because such modification will prevent the waste of time and resources on merits briefing that may (if the exhaustion motion is granted) be unnecessary. Accordingly, the motion to modify the schedule is granted.

Defendants seek an extension of time of 10 days to file a reply brief to plaintiff's opposition to the motion for summary judgment. ECF No. 43. In consideration of the length of plaintiff's opposition, the short extension requested, and the Thanksgiving holiday, the court will grant the extra time.

Plaintiff seeks an order appointing counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional

2

circumstances in this case. If plaintiff is being denied access to the law library or legal materials, he may file a motion for a court order compelling his custodian to allow such access.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's October 25, 2018 "motion for discovery" (ECF No. 37) is DENIED;
2. Defendants' November 7, 2018 motion to modify the schedule (ECF No. 39) is GRANTED and the parties shall have 30 days from any ruling denying the pending motion for summary judgment (ECF No. 36) to serve and file dispositive motions;
3. Defendants' November 21, 2018 motion for extension of time (ECF No. 43) is GRANTED, and defendants' December 4, 2018 reply brief (ECF No. 44) is deemed timely filed; and
4. Plaintiff's November 19, 2018 motion for appointment of counsel (ECF No. 42) is DENIED.

Dated: December 17, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE