UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE R. ZAIZA, | No. 2:15-cv-447-KJM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| D. TAMPLEN, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 1, 2019, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. *See* Findings & Recommendations ("Findings"), ECF No. 50. Both parties have filed objections to the findings and recommendations. ECF Nos. 51–52.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by proper analysis; accordingly, the court ADOPTS the findings and recommendations except with respect to plaintiff's deliberate indifference claims, which the court addresses separately below.

1

1    On the issue of plaintiff's deliberate indifference claims, the magistrate judge
2 refers to a Health Care Services Request Form plaintiff filed on November 5, 2012, which
3 tangentially references plaintiff's deliberate indifference claims, and is stamped to indicate it was
4 reviewed by the third level of appeal.  *See* Findings at 12–13 (citing ECF No. 1 at 74).  In their
5 objections, defendants supplement the record regarding this document, and show it was part of a
6 packet that was, indeed, reviewed by the third level of appeal, but did not include the deliberate
7 indifference claims at the second and third level appeals.  *See* Defs.' Objs., ECF No. 51, at 7–8
8 (citing Mathison Decl., Ex. A, ECF No. 51-1).  Furthermore, defendants are correct that plaintiff
9 was directed to appeal his deliberate indifference claims separately, in the official response to
10 Appeal 04034.  *See* ECF No. 36-5 at 17 ("All issues unrelated to the allegation of staff
11 misconduct must be appealed separately and will not be addressed in this response.").

12    Though defendants did not make this argument sufficiently in their motion for
13 summary judgment, *see* Findings at 12, they do articulate it in their objections, Defs.' Objs. at 5–
14 7.  The court allowed plaintiff 21 days to respond to this new evidence offered by defendants,
15 until March 17, 2020.  ECF No. 57.  Plaintiff's response was filed on the docket March 23, 2020,
16 ECF Nos. 58–59, but appears to have been delivered to prison officials on March 6, 2020, *see*
17 Supp'l Br., ECF No. 58, at 6 (Proof of Service by Mail executed March 6, 2020).  In light of the
18 mailbox rule for incarcerated, pro se plaintiffs, *see Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th
19 Cir. 2009), the court considers plaintiff's response.  Having done so, the court finds that
20 defendants' evidence shows there is no triable issue of fact regarding whether plaintiff exhausted
21 his deliberate indifference claims, as explained briefly below.

22    In his response, plaintiff appears to acknowledge that the November 5, 2012
23 Healthcare Request Form (HDSP HC 13026990) only included healthcare related grievances, as
24 he states the form he used is only intended "to report an illness or any other health problem."
25 Supp'l Br. at 4.  It is unclear from plaintiff's supplemental brief whether he argues that his
26 deliberate indifference claims were included in his appeal associated with this request, HDSP HC
27 13026990.  *See id.* at 1–2.  Nonetheless, other than stating he appealed his deliberate indifference
28 claims to the third level of review on May 24, 2013, *see id.* at 2, plaintiff gives the court no

1  reason to doubt defendants' evidence that his deliberate indifference claims were not exhausted.
2  Accordingly, defendants' motion for summary judgment is GRANTED in part, and plaintiff's
3  deliberate indifference claims are DISMISSED for failure to exhaust.

4  On the issue of whether plaintiff exhausted his excessive force claims, defendants
5  request an evidentiary hearing.  Reply, ECF No. 44, at 4 (citing *Albino v. Baca*, 747 F.3d 1162,
6  1168 (9th Cir. 2014) (en banc)).  In *Albino v. Baca*, the Ninth Circuit held that, "[i]f a motion for
7  summary judgment is denied, disputed factual questions relevant to exhaustion should be decided
8  by the judge, in the same manner a judge rather than a jury decides disputed factual questions
9  relevant to jurisdiction and venue." *Albino*, 747 F.3d at 1170–71 (citations omitted).  Because
10 disputed factual questions exist regarding whether plaintiff exhausted his excessive force claims,
11 this matter is REFERRED back to the assigned magistrate judge for an evidentiary hearing on the
12 issues of (1) whether plaintiff filed an administrative appeal of his excessive force claims at the
13 third level of review, and (2) whether the grievance appeal process was effectively unavailable to
14 plaintiff.  *See Gaines v. California Dep't of Corr.*, No. 115CV00587LJOSABPC, 2020 WL
15 220994, at *3 (E.D. Cal. Jan. 15, 2020) (referring matter to magistrate judge to conduct *Albino*
16 hearing on the issue of exhaustion).

17 Accordingly, IT IS HEREBY ORDERED that:
18   1.  The findings and recommendations filed March 1, 2019, (ECF No. 50) are
19       adopted in part and not adopted in part, as outlined above;
20   2.  Defendants' October 25, 2018 motion for summary judgment (ECF No.
21       36) is GRANTED as to plaintiff's deliberate indifference claims and
22       DENIED as to plaintiff's excessive force claims; and
23   3.  This matter is REFERRED back to the magistrate judge for further
24       proceedings consistent with this order.
25 DATED:  August 17, 2020.

CHIEF UNITED STATES DISTRICT JUDGE

3