1
2
3
4
5
6
7
8        UNITED STATES DISTRICT COURT

9        EASTERN DISTRICT OF CALIFORNIA

10

11   JOSE R. ZAIZA,                          Case No. 2:15-cv-00447-KJM-JDP (PC)

12                  Plaintiff,               ORDER (1) GRANTING PLAINTIFF'S
                                             MOTION TO CALL JULIO FALCON AS A
13          v.                               WITNESS AT THE FEBRUARY 1, 2021
                                             EVIDENTIARY HEARING AND (2)
14   D. TAMPLEN, *et al.*,                   DENYING PLAINTIFF'S MOTION TO
                                             APPOINT COUNSEL
15                  Defendants.
                                             ECF Nos. 64, 65
16

17

18          An evidentiary hearing is set for February 1, 2021, on the issue of whether plaintiff

19   exhausted his administrative remedies for his excessive force claims against defendants Giessner

20   and Tamplen.  ECF No. 64.  Plaintiff has filed a motion requesting that Julio Falcon, an inmate at

21   California State Prison Corcoran ("CSP Corcoran"), be permitted to testify at the evidentiary

22   hearing.  ECF No. 64.  Plaintiff has also filed a motion for appointment of counsel.  ECF No. 65.

23   For the following reasons, plaintiff's motion to call Mr. Falcon as a witness will be granted and

24   his motion for appointment of counsel will be denied.

25          According to plaintiff, Mr. Falcon was his cellmate at California State Prison, Corcoran.

26   ECF No. 64 at 1.  Mr. Falcon not only assisted plaintiff in preparing the documents required by

27   California Department of Corrections and Rehabilitation's ("CDCR") administrative procedures,

28   he also purportedly witnessed prison officials obstructing plaintiff's ability to exhaust his

1

administrative remedies.  Defendant opposes plaintiff's motion, arguing that Mr. Falcon could not have personal knowledge of any Hight Desert State Prison ("HDSP") officer's alleged obstruction since he was housed at CSP Corcoran from August 2010 to June 2015.  ECF No. 69 at 2.

The events giving rise to plaintiff's claims occurred at HDSP in 2012.  ECF No. 14 at 4.  However, the record reflects that plaintiff was housed at CSP Corcoran in 2013, which was when he was attempting to exhaust his administrative remedies.  *See* ECF No. 36-6 at 10; ECF No. 50 at 9-11.  If Mr. Falcon did assist in preparing documents required for plaintiff's administrative appeal, as plaintiff claims, he may be able to testify as to plaintiff's efforts to comply with CDCR's administrative procedures.  Such testimony could corroborate plaintiff's early assertion that he properly resubmitted his third-level appeal, but prison officials failed to deliver it to the appropriate office.  *See* ECF No. 50 at 11.

Defendant also argues that plaintiff has failed to adequately explain what information Mr. Falcon will provide.  ECF No. 69 at 2.  Thus, defendant contends that the probative value of Mr. Falcon's testimony is substantially outweighed by the delay and waste of resources that will result if he is permitted to testify.  *Id.*  The lack of detail in plaintiff's request does not justify excluding Mr. Falcon's testimony, especially considering that plaintiff is proceeding without the benefit of counsel.  Defendant also fails to appreciate that plaintiff has only request permission to call one none-party witness.[1]  Even if Mr. Falcon is unable to provide relevant testimony, the resulting burden would be minimal.  Accordingly, Mr. Falcon will be permitted to testify.

Plaintiff also has moved for appointment of counsel.  Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff.  *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  The court may request the voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525.  However, without a means to compensate counsel, the court will seek volunteer counsel

---

[1]  Presumably, plaintiff will also provide testimony.

1   only in exceptional circumstances.  In determining whether such circumstances exist, "the district

2   court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff]

3   to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113

4   F.3d at 1525 (internal quotation marks and citations omitted).

5   　　　　Having considered these factors, the court cannot find that exceptional circumstances

6   warrant granting plaintiff's request.  The issues to be addressed at the evidentiary hearing are not

7   complex, and plaintiff has demonstrated an adequate ability to articulate his position.  The motion

8   will therefore be denied.

9   　　　　Accordingly, it is hereby ORDERED that:

10   　　　1.  Plaintiff's motion requesting that Julio Falcon testify at the February 1, 2021

11   evidentiary hearing, ECF No. 64, is granted.

12   　　　2.  Plaintiff's motion for appointment of counsel, ECF No. 65, is denied.

13

14   IT IS SO ORDERED.

15

16   Dated:　　January 22, 2021　　　　　　　　　　_____

17   　　　　　　　　　　　　　　　　　　JEREMY D. PETERSON
     　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28